[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application brought by General Accident Insurance Company (General Accident) to vacate an arbitration award made in favor of the defendant Irving Pinsky (Pinsky). Arbitration proceedings, under the uninsured motorist provisions of a policy he held with General Accident, were brought by Pinsky as a result of an incident occurring on February 1, 1990 and involving himself and his vehicle and an unidentified truck. General Accident denied liability, coverage, and damages claimed.
The arbitrators were Henry O'Brien, Dale Faulkner and John Keyes. A hearing was held on February 4, 1992.
A document, dated February 28, 1992 and entitled "Arbitrators Decision" (Exhibit A-7) signed by Henry O'Brien only reported that: "as to the issue of liability/coverage we find in favor of the claimant, with respondent's arbitrator, Attorney Dale Faulkner, dissenting, but concurring on the award of damages. As to the issue of damages, we find the value of claimants' injuries to be $50,000. minus a credit of $629.25 . . . . From this award, claimant's arbitrator, Attorney John Keyes, dissents as to damages but concurs as to liability. . . . The liability issue is decided in favor of the claimant by a two to one vote of the arbitrators. The claimant is awarded damages in the amount of $49,370.75, also by a two to one vote of the arbitrators. The concurrences and dissents of Attorneys Faulkner and Keyes are appended hereto." CT Page 3675
Attached to O'Brien's document was an undated document entitled "Concurrence and Dissent" and signed by John A. Keyes only. That document commences: "I concur with Mr. O'Brien that there is liability and coverage herein, but dissent as to the amount of damages." The document then continues with the reasons why Keyes thought O'Brien was "quite low" as to damages.
Also attached to O'Brien's document was an undated document entitled "Concurrence and Dissent" and signed by Dale P. Faulkner. That document's first sentence reads: "As is developed below, I do not believe that the claimant met the burden of proof to establish his entitlement to uninsured motorist coverage. However, with regard to his damages, I am in agreement with Attorney Henry O'Brien, fellow arbitrator, that the value of the claimant's damages is in the amount of $50,000."[1] That document's last sentence reads as follows: "Thus, as a matter of fact and law, the claimant has failed to establish his claim, under the controlling principles and his claim should be denied. I, therefore, dissent to the decision entering an award in his favor."
 I.
Our statutes do permit an award to be made by a majority of an arbitration panel. Section 52-414 (a) states that "a majority may determine any question." Section 52-416 (b) states that "the award shall be in writing and signed by the arbitrator or arbitrators, or a majority of them, or by the umpire."
 II.
It has been said that the charter of an arbitrator is the submission. Aetna Casualty Surety Co. v. Lighty, 3 Conn. App. 697,700. In the instant matter the submission to the arbitrators is contained in the General Accident policy (Exhibit A-8), Part C, Arbitration (p. 6).
It sets forth the following:
A. If we and an "insured" do not agree:
 1. Whether that person is legally entitled to recover damages under this part; or
 2. As to the amount of damages; either party may make a written demand for arbitration. . . .
. . .
C. . . . A decision agreed to by two of the arbitrators will CT Page 3676 be binding as to:
 1. Whether the insured is legally entitled to recover damages; and
2. The amount of damages. . . .
Indeed the provision concerning coverage is mandated by statute to be included in any policy containing a provision for binding arbitration. Section 38a-336 (c), General Statutes.
Thus, it is clear that determining the question of coverage was foremost not only in the mind of the insurance carrier who might be held responsible but also of the legislators who were protecting the rights of the insured. No damages were payable to an insured unless there was was a prior finding of coverage and legal entitlement.
The document signed by O'Brien clearly indicates that he found in favor Pinsky on the issue of (1) liability/coverage and (2) damages.
The document signed by Keyes clearly indicates that he, too, found in favor of Pinsky on the issue of (1) liability/coverage. But he dissented, just as clearly, on the issue of damages. He expressed no dollar amount.
The document signed by Faulkner clearly and most strongly indicates in its first to its last sentence that he finds no liability/coverage or damages in favor of Pinsky. It is hard to vision a more forceful statement than his: "Thus, as a matter of fact and law, the claimant has failed to establish his claim, under the controlling principles and his claim should be denied. I, therefore, dissent to the decision entering an award in his favor." To attempt elevate a one sentence gratuitous compliment to the presiding person to the level of the five pages of conscientious reasoning setting forth Faulkner's four-square dissent appears to this court to be totally unwarranted.
This court finds that there is no basis for counting Faulkner as voting for an award of damages to the claimant, Pinsky.[2]
Thus, a majority[3] of the arbitrators did not approve or sign the award as required by Section 52-416(b).
The application to vacate the award is granted.
HAROLD M. MULVEY STATE TRIAL REFEREE